| | | | |
|---|---|---|---|
| 107a<br>107b<br>107c<br>107d | 18 USC 201<br>MGL Ch 268A<br>18 USC 201<br>MGL Ch 268A | P.J. Richfield, Inc. Check No. 1570 for $8,200.00 on or about 10/03/97 | Lumber and other construction materials for the new residence of defendants JOSEPH and MELINDA ASSELIN |
| 108a<br>108b<br>108c<br>108d | 18 USC 201<br>MGL Ch 268A<br>18 USC 201<br>MGL Ch 268A | P.J. Richfield, Inc. Check No. 1580 for $11,600.00 on or about 10/12/97 | Lumber and other construction materials for the new residence of defendants JOSEPH and MELINDA ASSELIN |
| 109a<br>109b<br>109c<br>109d | 18 USC 201<br>MGL Ch 268A<br>18 USC 201<br>MGL Ch 268A | P.J. Richfield, Inc. Check No. 1579 for $12,400.00 on or about 10/14/97 | Labor for the framing of the new residence of defendants JOSEPH and MELINDA ASSELIN |
| 110a<br>110b<br>110c<br>110d | 18 USC 201<br>MGL Ch 268A<br>18 USC 201<br>MGL Ch 268A | P.J. Richfield, Inc. Check Nos. 1599 and 1606 totaling $6,000.00 on or about 11/13/97 and 11/16/97 | Fireplace and brickwork at the new residence of defendants JOSEPH and MELINDA ASSELIN |
| 111a<br>111b<br>111c<br>111d | 18 USC 201<br>MGL Ch 268A<br>18 USC 201<br>MGL Ch 268A | P.J. Richfield, Inc. Check No. 1604 for $1,154.05 on or about 11/16/97 | Four double hung windows at the residence of defendants CHRISTOPHER and MERYLINA ASSELIN |
| 112a<br>112b<br>112c<br>112d | 18 USC 201<br>MGL Ch 268A<br>18 USC 201<br>MGL Ch 268A | P.J. Richfield, Inc. Check No. 1615 for $7,925.00 on or about 12/01/97 | Lumber and other construction materials for the new residence of defendants JOSEPH and MELINDA ASSELIN |
| 113a<br>113b<br>113c<br>113d | 18 USC 201<br>MGL Ch 268A<br>18 USC 201<br>MGL Ch 268A | P.J. Richfield, Inc. Check No. 1630 for $3,900.00 on or about 12/17/97 | Lumber and other construction materials for the new residence of defendants JOSEPH and MELINDA ASSELIN |

All in violation of Title 18, United States Code, Section

201 and Title 18, United States Code, Section 2.

### Racketeering Acts 114 through 121

41.  Racketeering Acts 114 through 121 consisted of the following:

a.   On or about the following dates, in the District of Massachusetts,

**RAYMOND ASSELIN, SR.
and
ARTHUR SOTIRION,**

defendants herein, public official, did directly and indirectly corruptly demand, seek, receive, accept, and agree to receive and accept the following things of value from John Spano, d/b/a Valley Floor Covering, Inc., all in return for and with the intent of being influenced in the performance of an official act; being influenced to commit and aid in committing and to collude in, and allow, a fraud, and to make opportunity for the commission of a fraud; and being influenced to act and omit to do an act in violation of his official duty; that is, to fraudulently generate bid proposals, collude in the preparation of bid proposals, award contracts, steer sub-contracts and otherwise provide preferential treatment during the terms of contracts to John Spano, d/b/a Valley Floor Covering, Inc., all in violation of Title 18, United States Code, Sections 201(b)(2)(A), (B), and (C) and Title 18, United States Code, Section 2;

42

b. On or about the following dates, in the Commonwealth of Massachusetts,

**RAYMOND ASSELIN, SR.**
**and**
**ARTHUR SOTIRION,**

defendants herein, state employee, did directly and indirectly corruptly ask, demand, exact, solicit, seek, accept, receive, and agree to receive for himself and other persons and entities the following things of value from John Spano, d/b/a Valley Floor Covering, Inc., in return for being influenced in the performance of any official act or act within his official responsibility; being influenced to commit and aid in committing and to collude in, and allow any fraud, and to make opportunity for the commission of any fraud on the Commonwealth and on a state, county or municipal agency; and being induced to do and omit to do any act in violation of his official duty; that is, to fraudulently generate bid proposals, collude in the preparation of bid proposals, award contracts, steer sub-contracts and otherwise provide preferential treatment during the terms of contracts to John Spano, d/b/a Valley Floor Covering, Inc., all in violation of Massachusetts General Laws, Chapter 268A, Sections 2(b)(1), (2) and (3);

c. On or about the following dates, in the District of Massachusetts,

**JOHN SPANO,**

defendant herein, did directly and indirectly corruptly give, offer, and promise anything of value to a public official, that is defendants RAYMOND ASSELIN, SR. and ARTHUR SOTIRION, all with the intent to influence an official act of said public official; to influence said public official to commit and to aid in committing, and to collude in, and allow, a fraud, and to make opportunity for the commission of a fraud; and to induce said public official to do and omit to do an act in violation of his official duty; that is, to fraudulently generate bid proposals, collude in the preparation of bid proposals, award contracts, steer sub-contracts and otherwise provide preferential treatment during the terms of contracts to John Spano, d/b/a Valley Floor Covering, Inc., all in violation of Title 18, United States Code, Sections 201(b)(1)(A), (B), and (C);

    d.  On or about the following dates, in the Commonwealth of Massachusetts,

**JOHN SPANO**,

defendant herein, did directly and indirectly corruptly give, offer, and promise anything of value to any state employee, that is defendants RAYMOND ASSELIN, SR. and ARTHUR SOTIRION, with intent to influence any official act or any act within the official responsibility of said state employee; to influence said state employee to commit and aid in committing, and to collude in, and allow, any fraud, and make opportunity for the commission

44

of any fraud on the Commonwealth and on a state, county or municipal agency; and to induce said state employee to do and omit to do any act in violation of his official duty; that is, to fraudulently generate bid proposals, collude in the preparation of bid proposals, award contracts, steer sub-contracts and otherwise provide preferential treatment during the terms of contracts to John Spano, d/b/a Valley Floor Covering, Inc., all in violation of Massachusetts General Laws, Chapter 268A, Sections 2(a)(1), (2) and (3):

| Act | Violation | Thing of Value for Act a, b, c and d and Date | Beneficiary of Act a, b, c and d |
|---|---|---|---|
| 114a 114b 114c 114d | 18 USC 201 MGL Ch 268A 18 USC 201 MGL Ch 268A | Free carpeting and installation services in or about 1993 | Living room, hallway, and bedroom carpeting at the residence of defendant ASSELIN, JR. |
| 115a 115b 115c 115d | 18 USC 201 MGL Ch 268A 18 USC 201 MGL Ch 268A | Free carpeting and installation services in or about the fall, 1996 | Living room, hallway, and television room carpeting at the residence of defendants CHRISTOPHER and MERYLINA ASSELIN |
| 116a 116b 116c 116d | 18 USC 201 MGL Ch 268A 18 USC 201 MGL Ch 268A | Free carpeting and installation services in or about 1998 | Carpets at the residence of defendants JOSEPH and MELINDA ASSELIN |
| 117a 117b 117c 117d | 18 USC 201 MGL Ch 268A 18 USC 201 MGL Ch 268A | Free carpeting and installation services in or about 1998 | Carpets at the residence of defendants RAYMOND and JANET ASSELIN, SR. |

45

| | | | |
|---|---|---|---|
| 118a<br>118b<br>118c<br>118d | 18 USC 201<br>MGL Ch 268A<br>18 USC 201<br>MGL Ch 268A | Approximately $2,900.00 worth of free carpeting and installation services in or about the summer, 2000 | Carpets at the residence of SHA's Chief Purchasing Agent |
| 119a<br>119b<br>119c<br>119d | 18 USC 201<br>MGL Ch 268A<br>18 USC 201<br>MGL Ch 268A | Free carpeting and installation services in or about 2001 | Office carpet at the office of defendant CHRISTOPHER ASSELIN |
| 120a<br>120b<br>120c<br>120d | 18 USC 201<br>MGL Ch 268A<br>18 USC 201<br>MGL Ch 268A | Approximately $2,295.00 worth of free carpeting and installation services on or about 03/09/01 | Carpets at the residence of defendants JOSEPH and MELINDA ASSELIN, and the rental property of defendant SOTIRION |
| 121a<br>121b<br>121c<br>121d | 18 USC 201<br>MGL Ch 268A<br>18 USC 201<br>MGL Ch 268A | Free carpeting and installation services in or about the summer, 2002 | Basement, hall, and staircase carpeting at 56 Stage Island Road, Chatham, MA |

All in violation of Title 18, United States Code, Section 201 and Title 18, United States Code, Section 2.

**Racketeering Acts 122 through 133**

42. Racketeering Acts 122 through 133 consisted of the following:

a. On or about the following dates, in the District of Massachusetts,

**RAYMOND ASSELIN, SR.
and
ARTHUR SOTIRION,**

defendants herein, public official, did directly and indirectly corruptly demand, seek, receive, accept, and agree to receive and accept the following things of value from Paul Bannick d/b/a

46

PABCO and Paul A. Bannick Co., all in return for and with the intent of being influenced in the performance of an official act; being influenced to commit and aid in committing and to collude in, and allow, a fraud, and to make opportunity for the commission of a fraud; and being influenced to act and omit to do an act in violation of his official duty; that is, to fraudulently generate bid proposals, collude in the preparation of bid proposals, award contracts, steer sub-contracts and otherwise provide preferential treatment during the terms of contracts to Paul Bannick d/b/a PABCO and Paul A. Bannick Co., all in violation of Title 18, United States Code, Sections 201(b)(2)(A), (B), and (C) and Title 18, United States Code, Section 2;

  b. On or about the following dates, in the Commonwealth of Massachusetts,

<strong>RAYMOND ASSELIN, SR.<br>and<br>ARTHUR SOTIRION,</strong>

defendants herein, state employee, did directly and indirectly corruptly ask, demand, exact, solicit, seek, accept, receive, and agree to receive for himself and other persons and entities the following things of value from Paul Bannick d/b/a PABCO and Paul A. Bannick Co., in return for being influenced in the performance of any official act or act within his official responsibility; being influenced to commit and aid in committing and to collude

in, and allow any fraud, and to make opportunity for the commission of any fraud on the Commonwealth and on a state, county or municipal agency; and being induced to do and omit to do any act in violation of his official duty; that is, to fraudulently generate bid proposals, collude in the preparation of bid proposals, award contracts, steer sub-contracts and otherwise provide preferential treatment during the terms of contracts to Paul Bannick d/b/a PABCO and Paul A. Bannick Co., all in violation of Massachusetts General Laws, Chapter 268A, Sections 2(b)(1), (2) and (3);

      c.   On or about the following dates, in the District of Massachusetts,

**PAUL BANNICK,**

defendant herein, did directly and indirectly corruptly give, offer, and promise anything of value to a public official, that is defendants RAYMOND ASSELIN, SR. and ARTHUR SOTIRION, all with the intent to influence an official act of said public official; to influence said public official to commit and to aid in committing, and to collude in, and allow, a fraud, and to make opportunity for the commission of a fraud; and to induce said public official to do and omit to do an act in violation of his official duty; that is, to fraudulently generate bid proposals, collude in the preparation of bid proposals, award contracts, steer sub-contracts and otherwise provide preferential treatment

during the terms of contracts to Paul Bannick d/b/a PABCO and Paul A. Bannick Co., all in violation of Title 18, United States Code, Sections 201(b)(1)(A), (B), and (C);

   d. On or about the following dates, in the Commonwealth of Massachusetts,

**PAUL BANNICK,**

defendant herein, did directly and indirectly corruptly give, offer, and promise anything of value to any state employee, that is defendants RAYMOND ASSELIN, SR. and ARTHUR SOTIRION, with intent to influence any official act or any act within the official responsibility of said state employee; to influence said state employee to commit and aid in committing, and to collude in, and allow, any fraud, and make opportunity for the commission of any fraud on the Commonwealth and on a state, county or municipal agency; and to induce said state employee to do and omit to do any act in violation of his official duty; that is, to fraudulently generate bid proposals, collude in the preparation of bid proposals, award contracts, steer sub-contracts and otherwise provide preferential treatment during the terms of contracts to Paul Bannick d/b/a PABCO and Paul A. Bannick Co., all in violation of Massachusetts General Laws, Chapter 268A, Sections 2(a)(1), (2) and (3):

| Act | Violation | Thing of Value for Act a, b, c and d and Date | Beneficiary of Act a, b, c and d |
|---|---|---|---|
| 122a 122b 122c 122d | 18 USC 201 MGL Ch 268A 18 USC 201 MGL Ch 268A | Paul A. Bannick Co., Check No. 16062 to Paul A. Bannick for $100.00 on or about 04/11/96 | Cash to defendant SOTIRION |
| 123a 123b 123c 123d | 18 USC 201 MGL Ch 268A 18 USC 201 MGL Ch 268A | Paul A. Bannick Co., Check No. 16201 to Paul A. Bannick for $300.00 on or about 08/21/96 | Cash to defendant SOTIRION |
| 124a 124b 124c 124d | 18 USC 201 MGL Ch 268A 18 USC 201 MGL Ch 268A | Paul A. Bannick Co., Check No. 16243 to Paul A. Bannick for $100.00 on or about 10/03/96 | Cash to defendant SOTIRION |
| 125a 125b 125c 125d | 18 USC 201 MGL Ch 268A 18 USC 201 MGL Ch 268A | Paul A. Bannick Co., Check No. 16280 to Paul A. Bannick for $300.00 on or about 11/14/96 | Cash to defendant SOTIRION |
| 126a 126b 126c 126d | 18 USC 201 MGL Ch 268A 18 USC 201 MGL Ch 268A | Paul A. Bannick Co., Check No. 16326 for $235.29 on or about 12/13/96 | Golf club for defendant ASSELIN, SR. |
| 127a 127b 127c 127d | 18 USC 201 MGL Ch 268A 18 USC 201 MGL Ch 268A | Paul A. Bannick Co., Check No. 16366 to Paul A. Bannick for $100.00 on or about 01/28/97 | Cash to defendant SOTIRION |
| 128a 128b 128c 128d | 18 USC 201 MGL Ch 268A 18 USC 201 MGL Ch 268A | Cash payment approximately every two months by Paul Bannick during the calendar year 1999 | Cash to defendant ASSELIN, SR. and defendant SOTIRION |
| 129a 129b 129c 129d | 18 USC 201 MGL Ch 268A 18 USC 201 MGL Ch 268A | Paul A. Bannick Co. Check No. 17024 for $800.00 on or about 01/07/99 | Partial payment for an overhead door at the residence of defendant SOTIRION |

| | | | |
|---|---|---|---|
| 130a<br>130b<br>130c<br>130d | 18 USC 201<br>MGL Ch 268A<br>18 USC 201<br>MGL Ch 268A | Cash payments approximately every two months by Paul Bannick during the calendar year 2000 | Cash to defendant ASSELIN, SR. and defendant SOTIRION |
| 131a<br>131b<br>131c<br>131d | 18 USC 201<br>MGL Ch 268A<br>18 USC 201<br>MGL Ch 268A | Cash payments approximately every two months by Paul Bannick during the calendar year 2001 | Cash to defendant ASSELIN, SR. and defendant SOTIRION |
| 132a<br>132b<br>132c<br>132d | 18 USC 201<br>MGL Ch 268A<br>18 USC 201<br>MGL Ch 268A | Cash payments approximately every two months by Paul Bannick during the calendar year 2002 | Cash to defendant ASSELIN, SR. and defendant SOTIRION |
| 133a<br>133b<br>133c<br>133d | 18 USC 201<br>MGL Ch 268A<br>18 USC 201<br>MGL Ch 268A | SHA Check No. 043541 for $6,285.60 to Paul A. Bannick Co. falsely inflated by approximately $3,000.00 | Proceeds for free gifts for the 2002 "Committee to Elect Christopher Asselin" golf fundraiser |

All in violation of Title 18, United States Code, Section 201 and Title 18, United States Code, Section 2.

### Racketeering Acts 134 through 138

43.  Racketeering Acts 134 through 138 consisted of the following:

    a.  On or about the following dates, in the District of Massachusetts,

**RAYMOND ASSELIN, SR.
and
ARTHUR SOTIRION,**

defendants herein, public official, did directly and indirectly corruptly demand, seek, receive, accept, and agree to receive and accept the following things of value from Oak Pond Farms, Inc.,

51

all in return for and with the intent of being influenced in the performance of an official act; being influenced to commit and aid in committing and to collude in, and allow, a fraud, and to make opportunity for the commission of a fraud; and being influenced to act and omit to do an act in violation of his official duty; that is, to fraudulently generate bid proposals, collude in the preparation of bid proposals, award contracts, steer sub-contracts and otherwise provide preferential treatment during the terms of contracts to Oak Pond Farms, Inc., all in violation of Title 18, United States Code, Sections 201(b)(2)(A), (B), and (C) and Title 18, United States Code, Section 2;

  b. On or about the following dates, in the Commonwealth of Massachusetts,

**RAYMOND ASSELIN, SR.
and
ARTHUR SOTIRION,**

defendants herein, each being a state employee, did directly and indirectly corruptly ask, demand, exact, solicit, seek, accept, receive, and agree to receive for himself and other persons and entities the following things of value from Oak Pond Farms, Inc., in return for being influenced in the performance of any official act or act within his official responsibility; being influenced to commit and aid in committing and to collude in, and allow any fraud, and to make opportunity for the commission of any fraud on the Commonwealth and on a state, county or municipal agency; and

being induced to do and omit to do any act in violation of his official duty; that is, to fraudulently generate bid proposals, collude in the preparation of bid proposals, award contracts, steer sub-contracts and otherwise provide preferential treatment during the terms of contracts to Oak Pond Farms, Inc., all in violation of Massachusetts General Laws, Chapter 268A, Sections 2(b)(1), (2) and (3):

| Act | Violation | Thing of Value for Act a and b and Date | Beneficiary of Act a and b |
|---|---|---|---|
| 134a 134b | 18 USC 201 MGL Ch 268A | Oak Pond Farms, Inc. Check No. 1455 for $20,500.00 on or about 10/07/96 | Purchase of a 1996 Plymouth Voyager Van for defendant JAMES ASSELIN |
| 135a 135b | 18 USC 201 MGL Ch 268A | Oak Pond Farms, Inc. Check No. 1456 for $1,105.00 on or about 10/08/96 | Excise taxes on the 1996 Plymouth Voyager Van purchased for defendant JAMES ASSELIN |
| 136a 136b | 18 USC 201 MGL Ch 268A | Oak Pond Farms, Inc. Check No. 1458 for $3,000.00 on or about 12/23/96 | Automobile insurance on the 1996 Plymouth Voyager Van purchased for defendant JAMES ASSELIN |
| 137a 137b | 18 USC 201 MGL Ch 268A | William Pappas Personal Check No. 1456 for $52,500.00 to defendant JOSEPH ASSELIN on or about 04/28/97 | Funding for purchase of property at 518 Old Farm Road, Amherst, MA for defendants JOSEPH and MELINDA ASSELIN |
| 138a 138b | 18 USC 201 MGL Ch 268A | Fleet Bank Cashier's Check Nos. 20794638 and 2079564 for $14,000.00 to A & S Boats on or about 06/26/00 | Partial payment towards the purchase of twenty-three foot Chaparral 235SSi boat for the Asselin family |

53

All in violation of Title 18, United States Code, Section 201 and Title 18, United States Code, Section 2.

**Racketeering Acts 139 through 143**

44. Racketeering Acts 139 through 143 consisted of the following:

    a. On or about the following dates, in the District of Massachusetts,

**RAYMOND ASSELIN, SR.
and
ARTHUR SOTIRION,**

defendants herein, each being a public official, did directly and indirectly corruptly demand, seek, receive, accept, and agree to receive and accept the following things of value from M & D Remodeling, Inc., all in return for and with the intent of being influenced in the performance of an official act; being influenced to commit and aid in committing and to collude in, and allow, a fraud, and to make opportunity for the commission of a fraud; and being influenced to act and omit to do an act in violation of his official duty; that is, to fraudulently generate bid proposals, collude in the preparation of bid proposals, award contracts, steer sub-contracts and otherwise provide preferential treatment during the terms of contracts to M & D Remodeling, Inc., all in violation of Title 18, United States Code, Sections 201(b)(2)(A), (B), and (C) and Title 18, United States Code, Section 2;

b. On or about the following dates, in the Commonwealth of Massachusetts,

**RAYMOND ASSELIN, SR.**
and
**ARTHUR SOTIRION,**

defendants herein, each being a state employee, did directly and indirectly corruptly ask, demand, exact, solicit, seek, accept, receive, and agree to receive for himself and other persons and entities the following things of value from M & D Remodeling, Inc., in return for being influenced in the performance of any official act or act within his official responsibility; being influenced to commit and aid in committing and to collude in, and allow any fraud, and to make opportunity for the commission of any fraud on the Commonwealth and on a state, county or municipal agency; and being induced to do and omit to do any act in violation of his official duty; that is, to fraudulently generate bid proposals, collude in the preparation of bid proposals, award contracts, steer sub-contracts and otherwise provide preferential treatment during the terms of contracts to M & D Remodeling, Inc., all in violation of Massachusetts General Laws, Chapter 268A, Sections 2(b)(1), (2) and (3):

| Act | Violation | Thing of Value for Act a and b and Date | Beneficiary of Act a and b |
|---|---|---|---|
| 139a 139b | 18 USC 201 MGL Ch 268A | M & D Remodeling Check No. 2469 for $475.00 on or about 04/24/01 | Landscaping work at the residence of defendant SOTIRION |

| | | | |
|---|---|---|---|
| 140a<br>140b | 18 USC 201<br>MGL Ch 268A | M & D Remodeling Check No. 2487 for $450.00 on or about 05/26/01 | Landscaping work at the residence of defendants RAYMOND and JANET ASSELIN, SR. |
| 141a<br>141b | 18 USC 201<br>MGL Ch 268A | M & D Remodeling Check No. 2536 for $335.00 on or about 08/02/01 | Landscaping work at the residence of defendant SOTIRION |
| 142a<br>142b | 18 USC 201<br>MGL Ch 268A | M & D Remodeling Check No. 2695 for $330.00 on or about 11/05/01 | Landscaping work at the residence of defendant SOTIRION |
| 143a<br>143b | 18 USC 201<br>MGL Ch 268A | M & D Remodeling Check No. 2281 for $1,040.00 on or about 05/21/02 | Landscaping work at the residence of defendant SOTIRION |

All in violation of Title 18, United States Code, Section 201 and Title 18, United States Code, Section 2.

**Racketeering Acts 144 through 150**

45.   Racketeering Acts 144 through 150 consisted of the following:

   a.   On or about the following dates, in the District of Massachusetts,

**RAYMOND ASSELIN, SR.
and
ARTHUR SOTIRION,**

defendants herein, each being a public official, did directly and indirectly corruptly demand, seek, receive, accept, and agree to receive and accept the following things of value from a minority SHA contractor, all in return for and with the intent of being influenced in the performance of an official act; being

56

influenced to commit and aid in committing and to collude in, and allow, a fraud, and to make opportunity for the commission of a fraud; and being influenced to act and omit to do an act in violation of his official duty; that is, to fraudulently generate bid proposals, collude in the preparation of bid proposals, award contracts, steer sub-contracts and otherwise provide preferential treatment during the terms of contracts to said minority SHA contractor, all in violation of Title 18, United States Code, Sections 201(b)(2)(A), (B), and (C) and Title 18, United States Code, Section 2;

      b.   On or about the following dates, in the Commonwealth of Massachusetts,

**RAYMOND ASSELIN, SR.**
**and**
**ARTHUR SOTIRION,**

defendants herein, each being a state employee, did directly and indirectly corruptly ask, demand, exact, solicit, seek, accept, receive, and agree to receive for himself and other persons and entities the following things of value from a minority SHA contractor, in return for being influenced in the performance of any official act or act within his official responsibility; being influenced to commit and aid in committing and to collude in, and allow any fraud, and to make opportunity for the commission of any fraud on the Commonwealth and on a state, county or municipal agency; and being induced to do and omit to do any act in

violation of his official duty; that is, to fraudulently generate bid proposals, collude in the preparation of bid proposals, award contracts, steer sub-contracts and otherwise provide preferential treatment during the terms of contracts to said minority SHA contractor, all in violation of Massachusetts General Laws, Chapter 268A, Sections 2(b)(1), (2) and (3):

| Act | Violation | Thing of Value for Act a and b and Date | Beneficiary of Act a and b |
|---|---|---|---|
| 144a 144b | 18 USC 201 MGL Ch 268A | Cash payments at least once a month during the calendar year 1998 | Cash to defendant ASSELIN, SR. and defendant SOTIRION |
| 145a 145b | 18 USC 201 MGL Ch 268A | Cash payments at least once a month during the calendar year 1999 | Cash to defendant ASSELIN, SR. and defendant SOTIRION |
| 146a 146b | 18 USC 201 MGL Ch 268A | Cash payments at least once a month during the calendar year 2000 | Cash to defendant ASSELIN, SR. and defendant SOTIRION |
| 147a 147b | 18 USC 201 MGL Ch 268A | Cash payments at least once a month during the calendar year 2001 | Cash to defendant ASSELIN, SR. and defendant SOTIRION |
| 148a 148b | 18 USC 201 MGL Ch 268A | Cash payments at least once a month during the calendar year 2002 | Cash to defendant ASSELIN, SR. and defendant SOTIRION |
| 149a 149b | 18 USC 201 MGL Ch 268A | Hilltop Construction, Inc. Check No. 3414 for $27,300.00 on or about 06/21/02 | Payment related to the purchase of CHI Insurance Agency, Inc. by defendant JOSEPH ASSELIN |

| 150a 150b | 18 USC 201 MGL Ch 268A | Hilltop Construction, Inc. Check No. 3441 for $24,300.00 on or about 07/11/02 | Payment related to the purchase of CHI Insurance Agency, INc. by defendant JOSEPH ASSELIN |
|---|---|---|---|

All in violation of Title 18, United States Code, Section 201 and Title 18, United States Code, Section 2.

### Racketeering Acts 151 through 153

46. Racketeering Acts 151 through 153 consisted of the following:

a. On or about the following dates, in the District of Massachusetts,

**RAYMOND ASSELIN, SR.**
**and**
**ARTHUR SOTIRION,**

defendants herein, each being a public official, did directly and indirectly corruptly demand, seek, receive, accept, and agree to receive and accept the following things of value from a salesman for a window company, all in return for and with the intent of being influenced in the performance of an official act; being influenced to commit and aid in committing and to collude in, and allow, a fraud, and to make opportunity for the commission of a fraud; and being influenced to act and omit to do an act in violation of his official duty; that is, to fraudulently generate bid proposals, collude in the preparation of bid proposals, award contracts, steer sub-contracts and otherwise provide preferential treatment during the terms of contracts to said window company,

all in violation of Title 18, United States Code, Sections 201(b)(2)(A), (B), and (C) and Title 18, United States Code, Section 2;

      b.   On or about the following dates, in the Commonwealth of Massachusetts,

**RAYMOND ASSELIN, SR.**
**and**
**ARTHUR SOTIRION,**

defendants herein, each being a state employee, did directly and indirectly corruptly ask, demand, exact, solicit, seek, accept, receive, and agree to receive for himself and other persons and entities the following things of value from a salesman for a window company, in return for being influenced in the performance of any official act or act within his official responsibility; being influenced to commit and aid in committing and to collude in, and allow any fraud, and to make opportunity for the commission of any fraud on the Commonwealth and on a state, county or municipal agency; and being induced to do and omit to do any act in violation of his official duty; that is, to fraudulently generate bid proposals, collude in the preparation of bid proposals, award contracts, steer sub-contracts and otherwise provide preferential treatment during the terms of contracts to the window company, all in violation of Massachusetts General Laws, Chapter 268A, Sections 2(b)(1), (2) and (3):