UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR-N-04-30033-MAP |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| PETER DAVIS, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT DAVIS'S MOTION IN LIMINE NO. 3**

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, William M. Welch II, Assistant United States Attorney, and Steven H. Breslow, Assistant United States Attorney, hereby files this response to defendant Davis's Motion in Limine No. 3 Re: Evidence of any post-1998 Campaign Contributions by Peter Davis.  This motion in limine should be denied because any post-1998 campaign contributions by defendant Peter Davis is direct evidence of defendant Davis's continued involvement in the RICO enterprise.

The Government has charged defendant Davis in Count 1 with RICO and in Count 2 with RICO Conspiracy.  The defendant also has been charged with Conspiracy to Commit Federal Bribery in Count 3 and Obstruction of Justice in Count 107, in which the defendant falsely denied some of his bribery conduct on April 10, 2003.

1

Counts 1 and 2 allege that the racketeering activity lasted from 1988 through April, 2003. <u>See</u> Superseding Indictment, ¶s 36, 56.

The essential elements of Count 1, RICO, require the United States to prove the following:

1. The existence of an enterprise;

2. The enterprise engaged in activities which affected interstate commerce;

3. The defendant was employed by or associated with the enterprise;

4. The defendant engaged in a pattern of racketeering racketeering activity; and

5. The defendant participated in the conduct of the affairs of the enterprise through a pattern of racketeering activity.

<u>United States v. Connolly</u>, 341 F.3d 16, 25-28 (1st Cir. 2003);

<u>United States v. Boylan</u>, 898 F.2d 230, 241 (1st Cir. 1990);

<u>United States v. Angiulo</u>, 847 F.2d 956 (1st Cir. 1988).

The essential elements of Count 2 RICO Conspiracy, require the United States to prove the following:

1. The five elements of a substantive RICO violation;

2. An agreement between the defendant and at least one other person.

<u>United States v. Salinas</u>, 522 U.S. 52, 63 (1997).

A contested issue at the trial may be whether or not defendant Davis truly abandoned the RICO enterprise when he retired in June, 1998. While defendant Davis may have retired from the contracting business, defendant Davis never ended his

association with Asselin, Sr., Sotirion and the RICO enterprise.
Defendant Davis's contribution to the state representative
campaign of Christopher Asselin on May 3, 1999 is one piece of
evidence that defendant Davis never terminated his association
with Asselin, Sr., Sotirion and the RICO enterprise after June,
1998.  Instead, defendant Davis's post-1998 contacts, such as the
campaign contribution, visits to the Asselin's cape home, holiday
parties, and other similar types of interactions with Asselin, Sr.
and Sotirion, are evidence that defendant Davis maintained contact
with Asselin, Sr. and never truly abandoned the RICO enterprise.
Defendant Davis's continued association with Asselin, Sr. and his
family from June, 1998 through April, 2003 further explains why
defendant Davis obstructed justice on April 10, 2003.

The evidence of the May, 1999 campaign contribution is also
evidence that defendant Davis wanted to maintain good relations
with Asselin, Sr. even after he had retired from the construction
business.  Although defendant Davis had retired, his company, P.J.
Richfield was not defunct.  Instead, defendant Davis's son, who
had worked for his father on various SHA projects from 1993
through 1998, took over P.J. Richfield after his father's
retirement.  To the extent that P.J. Richfield, Inc. might seek
any future business from SHA after defendant Davis's retirement,
it was important that defendant Davis maintained good relations
with Asselin, Sr. on behalf of his son in order for P.J.

3

Richfield, Inc. to secure future business with SHA.  Therefore,
contrary to defendant Davis's argument, the campaign contribution
had been made for the purpose of maintaining an association with
the RICO enterprise and to secure any future business with SHA.

For the foregoing reasons, the Government respectfully asks
that the court deny defendant Davis's Motion in Limine No. 3 re:
Evidence of any Post-1998 Campaign Contributions by Peter Davis.

Filed this 25th day of August, 2006.

                            Respectfully submitted,

                            MICHAEL J. SULLIVAN
                            United States Attorney


                            ___/s/ William M. Welch II_____
                            WILLIAM M. WELCH II
                            Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

Hampden, ss.                          Springfield, Massachusetts
                                      August 25, 2006


     I, William M. Welch, Assistant U.S. Attorney, do hereby
certify that I have served a copy of the foregoing by
electronically filing and mailing said motion to:

James C. Rehnquist, Esq.
Goodwin Proctor & Hoar
Exchange Place
Boston, MA 02109



                         ___/s/ William M. Welch II_____
                         WILLIAM M. WELCH II
                         Assistant United States Attorney